UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERNEST SIMMONS, ROBIN SIMMONS, KORY SIMMONS, individually and as general partners of SIMMONS & SON HAULING, a Washington general Partnership, S.I. LLC, a Washington limited liability company, and N.V.L.R. & M. LLC, an Oregon limited liability company, qualified to do business in the State of Washington,<br><br>        Plaintiffs,<br><br>        v.<br><br>WASHINGTON STATE DEPARTMENT OF NATURAL RESOURCES, DAVE NORMAN, JOHN BROMLEY, ELAINE POWELL, CHRIS JOHNSON, and DAVID WILLIAMSON, d/b/a HORSESHOE BEND QUARRY, INC.,<br><br>        Defendants. | NO. CV-12-3046-EFS<br><br>**ORDER DISMISSING COMPLAINT, ENTERING JUDGMENT, AND CLOSING FILE** |

On June 19, 2012, the Court ordered the parties to brief whether this lawsuit should be dismissed or stayed. ECF No. 37. After reviewing the filed briefs and relevant authority, the Court is fully informed. For the following reasons, the Court concludes it must dismiss this lawsuit.

Plaintiffs contend this lawsuit's central issue, i.e., whether the Washington State Department of Natural Resources (DNR) or the named DNR employees (Dave Norman, John Bromley, Elaine Powell, and Chris Johnson)

ORDER ~ 1

(collectively, "State Defendants") knew that they lacked the authority to issue the Emergency Order to Suspend Surface Mining ("DNR Emergency Order") to the Simmons' mine following the Nile Landslide, does not present a question of state law, but rather only a federal constitutional question. The Court disagrees. Before the Court can determine the federal constitutional question posed by Plaintiffs of whether the State Defendants issued the DNR Emergency Order with the knowledge that they lacked the authority to do so, the Court is required to rule as a matter of law whether the State Defendants did or did not have the authority to issue the DNR Emergency Order under RCW 78.44.200. This legal question is a question of state law: no federal statute, regulation, or policy is involved. Because the Court must respect the State's sovereign immunity, applying the *Ex Parte Young* exception to Eleventh Amendment is not appropriate here. Therefore, the Court lacks jurisdiction over the State Defendants and dismisses Plaintiffs' claims against them.[1]

Count VII (conspiracy to restrain trade, 15 U.S.C. § 1), Count VIII (agreement to not use goods of a competitor, 15 U.S.C. § 14), Count IX (conspiracy to restrain trade, RCW 19.86.030), and Count X (agreement to not use goods of a competitor, RCW 19.86.030) were also brought against Defendant David Williamson, who is not a state employee. Because Mr. Williamson is not a state employee, the State's sovereign immunity does not extend to him. However, given the alleged basis and nature of these Counts, Plaintiffs may not pursue these Counts without the State

---

[1] A stay of this lawsuit to remedy the *Younger* absention issues addressed in the Court's June 19, 2012 Order is not appropriate under the circumstances.

ORDER ~ 2

Defendants: the State Defendants are indispensable parties to the question of whether they and Mr. Williamson conspired to restrain trade or unlawfully agreed to use Mr. Williamson's goods. *See* Fed. R. Civ. P. 19(b) (listing factors for court to consider when joinder is not feasible). Accordingly, the Court concludes that equity requires the entire lawsuit be dismissed.

For the reasons given above and in the Court's June 19, 2012 Order, ECF No. 37, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Complaint, **ECF No. 1**, is **DISMISSED** without prejudice.

2. Judgment shall be **ENTERED** in Defendants' favor **without prejudice**.

3. All pending dates and deadlines are **STRICKEN.**

4. This file shall be **CLOSED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this   3rd   day of July 2012.

S/ Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge

Q:\Civil\2012\3046.dismiss.lc1.wpd

ORDER ~ 3